**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4357**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARY IVAN TERRY; SCAT, INCORPORATED,

Defendants - Appellants.

———————

**No. 06-4468**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARY IVAN TERRY,

Defendant - Appellant.

———————

Appeals from the United States District Court for the Middle District of North Carolina, at Durham & Greensboro. N. Carlton Tilley, Jr., District Judge. (1:03-cr-00299-NCT-1)

———————

Submitted: May 18, 2007               Decided: July 11, 2007

———————

Before WILLIAMS, Chief Judge, and TRAXLER and KING, Circuit Judges.

_____

No. 06-4357, dismissed; No. 06-4468, affirmed by unpublished per curiam opinion.

_____

Charles R. Brewer, Asheville, North Carolina, for Appellants.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these two appeals, Gary Ivan Terry challenges the district court's orders denying his motion for substitution of new counsel, revoking his supervised release and imposing a seven-month term of imprisonment followed by twenty-four months of supervised release. He contends that the district court lacked jurisdiction over the proceedings, that the court erred by denying his motion for substitution of new counsel, and that he was denied the effective assistance of counsel. We dismiss appeal No. 06-4357 as interlocutory, and affirm the district court's order in appeal No. 06-4468.

The Government moved to dismiss appeal No. 06-4357 as interlocutory. Terry noted this appeal from the district court's order denying his motion for substitution of counsel. Because the order from which the appeal was taken was not a final order, we grant the Government's motion and dismiss appeal No. 06-4357 for lack of jurisdiction. See United States v. Baxter, 19 F.3d 155, 156 (4th Cir. 1994) ("final judgment in a criminal case means sentence").

Terry first argues that his underlying conviction in Missouri is invalid, and therefore the district court lacked jurisdiction to revoke his supervised release. An appeal from the revocation of supervised release is not the proper forum in which to challenge the validity of the underlying criminal conviction.

United States v. Hofierka, 83 F.3d 357, 363 (11th Cir. 1996); see United States v. Torrez-Flores, 624 F.2d 776, 780 (7th Cir. 1980).

Terry next contends that the district court erred by denying his motion for substitution of counsel during the March 30, 2005 hearing. Because there was not a total breakdown in communication between Terry and counsel, we find no abuse of discretion by the district court in denying the motion. See United States v. Johnson, 114 F.3d 435, 443-44 (4th Cir. 1997) (holding that disagreement with counsel concerning trial strategy and tactics does not constitute a breakdown in communications sufficient to warrant new counsel); United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988) (providing standard of review).

Terry also argues that he was denied the effective assistance of counsel during the March 30, 2005 hearing. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). To allow for adequate development of the record, generally such claims should be brought in a 28 U.S.C. § 2255 (2000) motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because ineffective assistance of counsel does not clearly appear from the record, we decline to address this issue.

In conclusion, we grant the Government's motion to dismiss appeal No. 06-4357 as interlocutory, grant Terry's motion to expedite his appeal, deny his motion for appointment of counsel, deny his motion for a stay of the district court proceedings pending appeal, and affirm his conviction and sentence imposed for violating his supervised release terms. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 06-4357 <u>DISMISSED</u>
No. 06-4468 <u>AFFIRMED</u>