# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1779

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Vincent Sharnee Johnson, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 10, 2008
Filed: May 13, 2008

_____

Before BENTON, ARNOLD, and SHEPHERD, Circuit Judges

_____

PER CURIAM.

The Appellant, Vincent Sharnee Johnson, appeals the district court's[1] denial of his motion that his appointed counsel be relieved and that substitute counsel be appointed. We dismiss the appeal for lack of jurisdiction.

Johnson was indicted on charges of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) and using, carrying, and brandishing a handgun during and in

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

relation to a crime of violence in violation of 18 U.S.C. § 924(c) and is awaiting trial. Johnson was found to be indigent, and the Federal Public Defender was originally appointed to represent him. Subsequently, the Federal Public Defender was permitted to withdraw, and a private attorney was substituted. On January 30, 2007, Johnson filed a motion asking that his appointed counsel be relieved and that substitute counsel be appointed. The motion was denied. Johnson filed a second motion seeking substitution of counsel. The district court also denied this motion, and Johnson now appeals that dismissal.

Our jurisdiction is restricted to appeals from "final decisions of the district courts . . . ." 28 U.S.C. § 1291. In order to be immediately appealable, a collateral order "must conclusively determine the disputed question; . . . resolve an important issue completely separate from the merits of the action; . . . [and] be effectively unreviewable on appeal from a final judgment." Flanagan v. United States, 465 U.S. 259, 265 (1984) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)); Will v. Hallock, 546 U.S. 345, 349 (2006) ("[T]he collateral order doctrine accommodates a small class of rulings, not concluding the litigation, but conclusively resolving claims of right separable from, and collateral to, rights asserted in the action," and which are "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." (internal citations and quotations omitted)). As the order denying substitution of appointed counsel is subject to reconsideration by the district court as the prosecution proceeds, and is effectively reviewable on appeal after final judgment, at least two of the three requirements for appealability are not satisfied. See United States v. Celani, 748 F.2d 363, 365 (7th Cir. 1984) ("An order denying the appointment of counsel fails both the first and third prongs of the Coopers test."); but cf. Slaughter v. City of Maplewood, 731 F.2d 587, 588-89 (8th Cir. 1984) (holding that an order denying appointment of counsel in a Civil Rights Act case is immediately appealable). Accordingly, an order denying the appointment or substitution of counsel in the criminal context is not immediately appealable.

In view of the foregoing, we dismiss this appeal for lack of jurisdiction.

—————————————

-2-