**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 08-2601 & 08-3715
_____

UNITED STATES OF AMERICA

v.

TIMOTHY NGUYEN,
a/k/a THAI,

Appellant

_____

On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(Criminal No. 05-00529-01)
District Judge: Honorable Paul S. Diamond

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2010

Before: AMBRO, CHAGARES, and STAPLETON, <u>Circuit</u> <u>Judges</u>.

(Filed : May 12, 2010)

_____

OPINION OF THE COURT
_____

CHAGARES, <u>Circuit</u> <u>Judge.</u>

Timothy Nguyen appeals from an Order of the District Court denying his pro se

petition for the appointment of new counsel and from a final judgment of sentence.  For

the reasons set forth below, we will dismiss his interlocutory appeal and affirm the judgment of the District Court.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

Proceeding upon information provided by a cooperating witness, agents of the Drug Enforcement Administration investigated Nguyen for distributing substantial quantities of illegal drugs. The agents recorded three separate phone calls between the cooperating witness and Nguyen, in which the witness arranged to purchase drugs from Nguyen. Based upon this evidence, Nguyen was apprehended by the agents for distributing a large quantity of illegal drugs on August 15, 2005. On September 14, 2005 Nguyen was indicted by a federal grand jury on two counts of possessing with intent to distribute methamphetamine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Nguyen hired and fired two attorneys before retaining Edward J. Crisonino to represent him in January 2006. Crisonino represented Nguyen in a number of pretrial matters as well as a criminal jury trial, which was held on April 10 and 11, 2006. At the conclusion of the trial, the jury found Nguyen guilty on both counts of the indictment.

After the verdict was returned, Nguyen wrote a pro se letter to the District Court alleging that Crisonino had provided him with ineffective assistance of counsel, and

2

moved for the appointment of new counsel. The District Court held a hearing at which it allowed Crisonino to withdraw as Nguyen's attorney, and since Nguyen was then indigent, provided Nguyen with a court-appointed attorney, Robert O'Shea.

O'Shea served as Nguyen's counsel on a number of post-trial matters. O'Shea filed for, and received, a continuance of Nguyen's sentencing. O'Shea also moved for a new trial on multiple grounds on September 19, 2007. The District Court held a hearing on this motion, but ultimately denied Nguyen's motion for a new trial on April 9, 2008. O'Shea also represented Nguyen in his legal challenge to the information charging that he had sustained a prior felony conviction. The District Court also rejected this challenge. After this, Nguyen began filing pro se motions with the District Court, including a pro se motion for the appointment of new counsel on May 15, 2008. The District Court denied Nguyen's motion for appointment of new counsel, and Nguyen filed an interlocutory appeal from this Order.[1]

On August 21, 2008, the District Court sentenced Nguyen to 240 months of imprisonment, followed by 10 years of supervised release. Despite having previously claimed his indigence, Nguyen retained another private attorney, Brian J. McMonagle, who filed a Rule 35 motion to vacate the District Court's sentence. This motion was denied by the District Court on August 29. On September 8, Nguyen filed a separate

---

[1] This appeal was docketed as case number 08-2601.

notice of appeal from the judgment of sentence.[2]

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over final judgments pursuant to 28 U.S.C. § 1291. However, this Court lacks jurisdiction to consider interlocutory appeals such as Nguyen's first appeal, which was filed before he was sentenced by the District Court. See United States v. Wecht, 537 F.3d 222, 244 n. 41 (3d Cir. 2008). Accordingly, we will dismiss case number 08-2601. We have jurisdiction over his second appeal, which was properly filed after the District Court imposed a judgment of sentence.

This Court generally reviews a district court's denial of a motion for a new trial for abuse of discretion, but if the denial is based upon an interpretation of legal principles, we exercise a plenary standard of review over such an interpretation. Hook v. Ernst & Young, 28 F.3d 366, 370 (3d Cir. 1994). Any factual findings made by the district court at such a hearing are reviewed under a clear error standard.

## III.

Nguyen contends that his trial counsel was ineffective, and that he is thus entitled to a new trial.

While we generally do not consider claims of ineffective assistance of counsel on

---

[2] This second appeal was docketed as case number 08-3715. Nguyen's two appeals have been consolidated.

direct appeal, United States v. McLaughlin, 386 F.3d 547, 555 (3d Cir. 2004), Nguyen's claim presents a rare exception. The District Court held a post-trial hearing in which Nguyen was represented by separate counsel. At this hearing, both Nguyen and Crisonino gave testimony about the quality of Crisonino's representation of Nguyen, and the District Court found Crisonino's testimony credible. There is a well-developed record, both parties have thoroughly briefed the issue on appeal, and the Government does not argue that we should not entertain Nguyen's ineffective assistance of counsel claim on direct appeal. See United States v. Theodoropolous, 866 F.2d 587, 598 (3d Cir. 1989) ("Unless the record sufficiently establishes a basis for our review, the proper avenue for pursuing such [ineffective assistance of counsel] claims is through a collateral proceeding in which the factual basis for the claim may be developed.") (emphasis added). We therefore turn to the merits of Nguyen's claim.

The test for whether or not counsel can be found to be ineffective was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).[3] In that case, the Supreme Court held that in order to be successful on such a claim, a criminal defendant must show that (1) counsel's representation was objectively deficient; and (2)

---

[3] Nguyen argues that the appropriate test which should be applied is not Strickland, but United States v. Cronic, 466 U.S. 648 (1984). Cronic, however, is reserved for the extremely rare cases where trial counsel either refuses or is unable to put forth any defense at all, and the defendant is thus deprived of adequate adversarial representation. Such was not the case here, where Nguyen was represented by counsel at all in-court proceedings, his counsel corresponded with him in preparation for trial, and his counsel presented his case before a jury at trial.

that this deficient representation prejudiced the defense. Id. at 687. In evaluating a claim of objectively deficient performance, we must apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To find that the representation prejudiced the defendant, the Court must determine that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The party claiming ineffective assistance bears the burden of proof, and must satisfy both Strickland prongs to obtain relief.

Nguyen claims his counsel was ineffective for three reasons: (1) counsel did not visit him often enough before trial to prepare adequately his defense; (2) counsel failed to investigate or challenge the translated transcripts of phone conversations introduced by the Government at trial; (3) counsel failed to obtain independent testing of the seized drugs; and (4) counsel failed to object to leading questions and hearsay. We find Nguyen's arguments without merit, and will affirm the District Court's denial of his motion for a new trial.

Nguyen claims that his trial counsel was ineffective because he only visited Nguyen in person five times prior to trial.[4] While this Court is certainly not aware of any constitutionally required minimum number of face-to-face visits a counsel must arrange

_____

[4] The record shows that counsel also corresponded with Nguyen by phone and mail during this time period.

6

in order to provide effective representation, Nguyen's claim fails because he has provided no credible theory or evidence as to how more consultations with his attorney would have led to a different outcome. Since Nguyen bears the burden of showing how his counsel's allegedly minimal consultations prejudiced him, and he has plainly failed to do so, we must reject this claim.

Nguyen next claims that counsel was ineffective for failing to object to translated phone transcripts introduced at trial. A crucial part of the Government's case against Nguyen was transcripts of three telephone calls between Nguyen and a cooperating informant which took place on the night of the arrest . These conversations were in Vietnamese, so the Government had them translated into English. The transcripts were provided to counsel months before trial, and counsel reviewed the transcripts with Nguyen. The District Court found credible counsel's testimony at the hearing, that after reviewing the transcripts, Nguyen had no objection to any of the three phone call transcripts. Between this meeting and trial, there were slight alterations made to the transcripts, none of which concerned the substance of the discussions. During the trial, when the Government sought to introduce the transcripts, Nguyen informed his counsel that he had not spoken in the phone call captured in the first transcript.

This contradicted both Nguyen's previous statements and a stipulation made by defense counsel six days earlier. Defense counsel, who had prepared a trial strategy based upon Nguyen's previous acknowledgment that he was a speaker in all three

7

recorded conversations, had to alter his strategy in the middle of trial. We agree with the District Court's holding that not only was counsel's performance not objectively deficient, but Nguyen also failed to show prejudice, as the Government had other methods available to authenticate the disputed recording, as well as the remaining two recordings where Nguyen discussed selling the cooperative informant illegal drugs.[5]

Nguyen's contention that counsel should have requested a continuation when the revised transcripts were provided also fails. The revisions to the transcripts only concerned minor corrections and details, and did not concern the substance of the conversation. Nguyen has failed to show that getting a continuance would have benefitted him in any way, and has thus failed to show how he was prejudiced by

---

[5] Nguyen insists that his counsel expressly acknowledged to the District Court that "before trial [he] didn't understand [his client's] defense." He argues that this was a confession of inadequate representation. We agree with the District Court that this argument reflects a misunderstanding of counsel's testimony. As the Court explained:

> The import of Mr. Crisonino's testimony was: 1) that until the middle of trial, he understood – based on what Defendant told him – that Defendant was a speaker in all three recorded conversations; and 2) that Mr. Crisonino planned the defense accordingly. Because of Defendant's belated, mid-trial denial that he was a speaker during the first conversation, Mr. Crisonino was compelled to change the defense accordingly. Thus, Mr. Crisonino testified that because Defendant changed his version of events after the trial began, Mr. Crisonino's understanding of the defense before trial did not turn out to be correct. In context, it is thus clear that Mr. Crisonino's "lack of understanding" had nothing to do with his competence or preparation, but, rather, was entirely the result of the abrupt change in Defendant's version of events.

Dist. Ct. Op. at 6-7 (emphasis in original).

8

counsel's failure to request a continuance.

Nguyen's next claim is that his trial counsel erred by failing to obtain an independent analysis of the drug evidence itself. The drugs seized by the Government upon making the arrest were presented, along with test results, at trial. While Nguyen is correct that his counsel could have had independent testing performed on the evidence, there is no authority to support Nguyen's assertion that counsel was required to do this to provide him with effective representation. This is particularly true given that Nguyen's defense theory was not otherwise focused on whether or not the evidence was actually illegal narcotics. He has also failed to show prejudice, given that there were test results produced at trial which showed that the evidence seized was, in fact, a quantity of illegal narcotics.

Nguyen's final claim is that his trial counsel erred by failing to object at numerous points in the Government's case, specifically to the use of leading questions and the introduction of hearsay evidence. Nguyen is unable, however, to pinpoint any exact evidence which could have been excluded had his counsel objected that substantially prejudiced him. Whether or not to object to leading questions is a matter of trial strategy, and it is common practice for trial attorneys to not object to leading questions if they feel it is not helpful to do so. As the District Court pointed out, most of Nguyen's proposed hearsay objections would have been rejected anyway, since they were not, in fact, hearsay. The use and timing of objections at trial is a quintessential matter of strategy and

discretion on the part of the trial attorney, and will very seldom constitute objectively deficient representation. This is especially true in the present case, where Nguyen has failed to identify how his counsel's failure to object prejudiced him.

Nguyen claims that his counsel provided him with ineffective assistance, and he gives several grounds for this claim. However, Nguyen has failed to show on any of these claims that his counsel was either objectively deficient or that he suffered prejudice because his counsel's performance. He has therefore failed to meet the requirements for an ineffective assistance of counsel claim under Strickland v. Washington. We reject his claim, and hold that the District Court did not abuse its discretion in denying Nguyen's motion for a new trial.

IV.

For these reasons, we will dismiss case number 08-2601 and will affirm the judgment of the District Court in case number 08-3715.