**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

FRANCISCO BELTRAN VALDEZ, AKA
Carlos Zazueta Villa,
          *Defendant-Appellant.*

No. 11-50117

D.C. No.
10-CR-03202-BEN

OPINION

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted October 12, 2011*
Pasadena, California

Filed November 21, 2011

Before: Edward Leavy and Kim McLane Wardlaw,
Circuit Judges, and William K. Sessions III,
District Judge.**

Opinion by Judge Sessions

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable William K. Sessions III, District Judge, United States District Court for the District of Vermont, sitting by designation.

## COUNSEL

Gerson Simon, San Marino, California, for the defendant-appellant.

Laura E. Duffy, United States Attorney; Bruce R. Castetter, Assistant U.S. Attorney, Chief, Appellate Section Criminal Division; Charlotte E. Kaiser, Assistant U.S. Attorney, San Diego, California, for the plaintiff-appellee.

---

## OPINION

SESSIONS, District Judge:

Francisco Beltran Valdez appeals from a February 28, 2011, oral order denying his request for appointment of new counsel and permitting him to proceed pro se. He is charged in a superseding indictment with one count of being a previously deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b), and is currently incarcerated and awaiting trial. We conclude that we lack jurisdiction, and we dismiss the appeal.[1]

## I.

On May 18, 2010, the government charged Beltran Valdez with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. At his initial appearance the magistrate judge appointed counsel. On July 15, 2010, Beltran

---

[1]Beltran Valdez's notice of appeal was untimely, not having been filed within 14 days after the district court's order. *See* Fed. R. App. P. 4(b)(1)(A)(i). In its answering brief, the government seeks dismissal on this ground as well. Given that we lack jurisdiction over this appeal in any event, we do not inquire whether the district court would extend the time to file a notice of appeal upon a finding of excusable neglect or good cause. *See* Fed. R. App. P. 4(b)(4).

Valdez requested and was granted appointment of new counsel. On February 28, 2011, on the eve of trial, the district court held a hearing on motions in limine filed by the defense and the government. At that hearing, Beltran Valdez requested appointment of new counsel. The district court denied his request, but conducted a *Faretta*[2] hearing and permitted him to represent himself, with his former attorney remaining as advisory counsel. The trial date was rescheduled. Beltran Valdez, pro se, filed a notice of appeal dated March 23, 2011, which was docketed March 28, 2011.

The government moved to dismiss the appeal for lack of jurisdiction on the grounds that the order was not final, and does not satisfy the requirements of the collateral order doctrine. We denied the motion without prejudice to renewing the arguments in the government's answering brief, and ordered the parties to address whether the collateral order doctrine applies to the district court's order. We also required the parties to address, in the alternative, whether sufficiently exceptional circumstances warrant construing the appeal as a petition for writ of mandamus. We appointed counsel for purposes of this appeal only.

## II.

The parties agree that the February 28 order was interlocutory. Ordinarily, our jurisdiction is limited to final decisions of the district court. *United States v. Romero-Ochoa*, 554 F.3d 833, 835 (9th Cir. 2009). The collateral order doctrine, however, permits appellate review of those decisions which are " 'too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' " *Id.* at 835-36

---

[2]*Faretta v. California*, 422 U.S. 806, 835-36 (1975) (holding that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he or she voluntarily and intelligently elects to do so).

(quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). In order to qualify for review under *Cohen*, an order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). All three elements must be satisfied. *Romero-Ochoa*, 554 F.3d at 836.

The *Cohen* test is strictly applied, particularly in criminal cases, *id.*, where "an interlocutory order is appealable only where it affects a 'right not to be tried.' " *United States v. Samueli*, 582 F.3d 988, 992 (9th Cir. 2009) (quoting *United States v. Austin*, 416 F.3d 1016, 1022 (9th Cir. 2005)); *cf. Flanagan v. United States*, 465 U.S. 259, 264-65 (1984) (discussing the importance of the final judgment rule in criminal cases which "has led the Court to permit departures from the rule 'only when observance of it would practically defeat the right to any review at all' ") (quoting *Cobbledick v. United States*, 309 U.S. 323, 324-25 (1940)).

[1] We have not addressed the issue of whether an order denying appointment of replacement counsel is immediately appealable. The parties, assuming that the first two *Cohen* elements are met, focus on the third element: whether the issue would be effectively unreviewable on appeal from a final judgment. Assuming without deciding that such an order satisfies the first two elements of the *Cohen* test — by conclusively determining a disputed question and resolving an issue completely separate from the merits of the action — the order fails to satisfy the third element. An order denying the appointment of replacement counsel can be effectively reviewed on appeal after trial. Post-conviction review of asserted Sixth Amendment deprivations such as denial of a right to represent oneself, denial of appointment of counsel, or denial of counsel's request to be replaced because of a conflict of interest, is fully effective. *See Flanagan*, 465 U.S. at 267-68; *see also United States v. Hitchcock*, 992 F.2d 236,

238-39 (9th Cir. 1993) (holding that refusal to appoint counsel without submission of documentation of financial need was not eligible for collateral review). Beltran Valdez has offered no persuasive reason why denial of replacement counsel should receive a different analysis, and we can think of none.

**[2]** The Second, Third, Fourth and Eighth Circuits have ruled that orders denying appointment of replacement counsel are not immediately appealable. In *United States v. Culbertson*, 598 F.3d 40, 49 (2d Cir. 2010), a pro se defendant appealed the denial of appointment of new counsel, having been refused a fourth replacement attorney. Like Beltran Valdez, Culbertson was dissatisfied with his attorneys' failure to conduct his defense according to his wishes. In concluding that an order denying appointment of replacement counsel does not fit within the collateral order doctrine, the Second Circuit held that an "order denying the appointment of replacement counsel can be effectively reviewed after trial, and the claimed right to counsel here does not implicate 'a right not to be tried.' " *Id.*

In *United States v. Johnson*, 525 F.3d 648, 649 (8th Cir. 2008), an appeal of the denial of a motion to appoint substitute counsel was dismissed for lack of jurisdiction: "As the order denying substitution of appointed counsel is subject to reconsideration by the district court as the prosecution proceeds, and is effectively reviewable on appeal after final judgment, at least two of the three requirements for appealability are not satisfied." *Id.*; *see also United States v. Nguyen*, 379 F. App'x 177, 179 (3d Cir. 2010) (dismissing for lack of jurisdiction an interlocutory appeal from the denial of defendant's motion for appointment of new counsel), *cert. denied*, 131 S. Ct. 1535 (2011); *United States v. Terry*, 234 F. App'x 82, 83-84 (4th Cir. 2007) (per curiam) (same).

**[3]** We join those circuits and hold that the collateral order doctrine bars the immediate appeal of an order denying a

request to appoint replacement counsel. Accordingly, we lack jurisdiction under the collateral order doctrine.

Because Beltran Valdez is pro se, we have considered whether his appeal should be construed as a petition for mandamus. Because it is clear that the order denying appointment of replacement counsel can be reviewed effectively after trial, we decline to treat the appeal as a petition for mandamus.

**APPEAL DISMISSED.**