**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30080 |
| Plaintiff - Appellee, | D.C. No. 3:16-cr-00051-BR |
| v. | |
| AMMON BUNDY; et al., | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted June 16, 2016
San Francisco, California

Before: SCHROEDER, TASHIMA, and OWENS, Circuit Judges.

Defendants appeal interlocutorily from the district court's order denying

their motion to prohibit their transportation for twelve days, pursuant to writs of

habeas corpus ad prosequendum, for arraignment on separate charges in the

District of Nevada. As the parties are familiar with the facts, we do not recount

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

them here.  We dismiss the appeal for lack of appellate jurisdiction, and deny the petition for writ of mandamus.

Although this court's jurisdiction is typically limited to final decisions of the district court, defendants argue that we have jurisdiction over this interlocutory appeal under the collateral order doctrine.  Under the collateral order doctrine, a non-final order is appealable if it: (1) "conclusively determine[s] the disputed question"; (2) "resolve[s] an important issue completely separate from the merits of the action"; and (3) is "effectively unreviewable on appeal from a final judgment."  *United States v. Romero-Ochoa*, 554 F.3d 833, 836 (9th Cir. 2009) (citation omitted).

Even if defendants can satisfy the first two prongs, they fail to satisfy the third.  Whether defendants have suffered any prejudice as a result of dual prosecutions can be reviewed on direct appeal from a conviction.  *See United States v. Tillman*, 756 F.3d 1144, 1149-50 (9th Cir. 2014) (holding that an order disqualifying defense counsel was not immediately appealable because its validity may be addressed through "a direct appeal, if there is one"); *United States v. Mehrmanesh*, 652 F.2d 766, 770 (9th Cir. 1981) (holding that an order denying a motion to dismiss for violation of the Speedy Trial Act was not immediately appealable because "[t]hose rights can still be vindicated by appeal after trial or,

when an indisputable mathematical error or a truly egregious delay has occurred, by mandamus before trial"). Therefore, we dismiss defendants' interlocutory appeal for lack of appellate jurisdiction.

We also decline to grant defendants' alternative request for mandamus relief. Mandamus relief is an "extraordinary remedy" which is only justified in "exceptional circumstances amounting to a judicial usurpation of power." *Romero-Ochoa*, 554 F.3d at 839 (citation and internal quotation marks omitted). At this time, the standard for mandamus relief has not been met. *See id.* (setting forth guiding principles to determine whether to grant a mandamus petition).

**Appeal DISMISSED, petition DENIED**.