**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10617 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00327-LRH |
| v. | |
| WILLIAM MAC McCORCLE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

William Mac McCorcle appeals from the district court's judgment and

challenges conditions of supervised release imposed following his guilty-plea

conviction for bank robbery, in violation of 18 U.S.C. § 2113(a).  We dismiss.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

McCorcle contends that the district court erred in imposing special conditions of supervised release requiring him to attend gambling addiction treatment and prohibiting him from gambling or entering any gambling establishment for one year. The government argues that this appeal should be dismissed based on the appeal waiver contained in the parties' plea agreement. Reviewing de novo, *see United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011), we dismiss. Contrary to McCorcle's contentions, the challenged conditions are constitutional because they are reasonably related to the goals of protecting the public and rehabilitation, and involve no greater deprivation of liberty than reasonably necessary. *See* 18 U.S.C. § 3583(d)(1), (2); *see also United States v. Watson*, 582 F.3d 974, 983 (9th Cir. 2009). Retaining the remainder of the condition, we construe special condition of supervision number 3 as only barring McCorcle from entering or frequenting establishments whose primary purpose is providing legal or illegal gambling activities. *See United States v. Gnirke*, 775 F.3d 1155, 1166 (9th Cir. 2015) (adopting a limiting construction of a supervised release condition that was consistent with the district court's intent but avoided unconstitutional overbreadth). So construed, McCorcle's sentence is not illegal and we dismiss pursuant to the valid appeal waiver. *See Watson*, 582 F.3d 988.

**DISMISSED.**

15-10617